# MEMORANDA

# CASES NOT REPORTED IN FULL.

MARIAN G. CATLIN, Appellant, v. WILLIAM H. CATLIN, Respondent.

*Action for divorce — power of the court to provide for the support of a child, after the entry of a judgment therein which contains no provisions therefor — section 59, 2 R. S., 148, is continued in force as to actions theretofore determined by sub. 2, of sec. 3, of chap. 245, of 1880.*

Appeal from an order of the Special Term denying the plaintiff's application for a provision for the maintenance and education of Mary B. Catlin, an infant.

The court at General Term said: "The plaintiff succeeded in this action in obtaining a divorce *a vinculo*, but without an award of alimony or provision for the support of Mary B. Catlin, the only issue of the marriage. The omission of these provisions was the result of an agreement between the defendant's mother and the plaintiff, and made at the instance and request of the defendant, and by which it was agreed that if the defendant, by the decree, was absolved from liability to support the plaintiff, the defendant's mother would convey certain real estate to certain trustees named, who were to apply the income thereof to the use of the plaintiff and the child Mary. The plaintiff performed her part of the agreement by the form of the decree, but the defendant's mother, although she paid moneys for the support of the plaintiff and her child between the fall of 1874 and January, 1877, paid nothing further for the purpose mentioned. It further appears that in 1878 the child Mary, by guardian *ad litem*, commenced an action against the plaintiff's mother to compel her to specifically perform the agreement mentioned, but was defeated upon the grounds that the plaintiff was under the disability of coverture when the agreement was made; that there was neither mutuality nor consideration

for the contract, and it was therefore *nudum pactum* and void. It also appears that in 1877 the plaintiff intermarried Lansing C. Washburn, who has supported the infant Mary and expended a large sum of money for that purpose. And further that at the time the decree of divorce was obtained the plaintiff had an income from her father's estate, but which has ceased for a long time, leaving her wholly unable to support her child Mary, who is still an infant and about fifteen years of age. It is not pretended that the infant has an estate of her own or any income, and it is conceeded that the defendant has the pecuniary ability to support and educate her. Indeed he expresses his willingness to take her and provide for her, but the plaintiff was awarded her custody by the decree and is not obliged, therefore, to accept such a proposition. Apparently determined to continue such custody, she sought by this proceeding to modify the decree entered herein by making such allowance for the support of the infant as should seem proper, but the defendant objected to and opposed the application successfully in the court below.

" It is still contended by his counsel that by the decree of divorce the court lost jurisdiction, which, to a certain extent, is a correct view of the law of the State. (*Kamp* v. *Kamp*, 59 N. Y., 212; *Crimmins* v. *Crimmins*, 28 Hun, 200; *Johnson* v. *Johnson*, 18 Weekly Dig., 27.) But these cases were applications by the wife, after the decree of divorce, asking a modification for her own benefit. Such is not this case. The Revised Statutes (2 R. S., 148, § 59), provide as follows: 'In any suit brought by a married woman for a divorce or for a separation from her husband, the court in which the same shall be pending, may during the pendency of the cause, or at its final hearing or afterwards, as occasion may require, make such order as between the parties for the custody, care and education of the children of the marriage, as may seem necessary and proper, and at any time thereafter annul, vary or modify such order.' And this statute is referred to as still existing in *Crimmins* v. *Crimmins* (*supra*). There is no doubt that it is in certain cases. It was continued by the act of 1880, chapter 245, in effect, as to actions of divorce theretofore determined, as appears by subdivision 2 of section 3, although otherwise repealed. The provisions of this statute are, therefore, applicable

to this case, and this court is not without jurisdiction in the premises and may entertain this application. The examination of its features as presented, and due consideration of them having been had, has led to the conclusion that a reference should have been ordered to ascertain what would be a proper allowance for the support and education of the defendant's infant daughter Mary."

*D. R. Jacques* and *C. Elliott Minor*, for the appellant.

*Thomas M. North*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements, and order entered as directed in opinion.